UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

NELSON FERNANDEZ,

                        Plaintiff,           12 Civ. 2125(RWS)

    -against-                          OPINION

THE CITY OF NEW YORK, THOMAS CONNOLLY,
as Deputy Inspector, Transit District
No. 4, THOMAS McCORMICK, as Lieutenant,
Transit District No. 4, KEITH SINGER, as
Lieutenant, Transit District No. 4, each
being sued individually and in their
official capacities as employees of
defendant THE CITY OF NEW YORK,

                        Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        THE SANDERS FIRM, P.C.
        1140 Avenue of the Americas, 9th Floor
        New York, NY  11556
        By:  Eric Sanders, Esq.

        Attorney for Defendants

        NEW YORK CITY LAW DEPARTMENT
        100 Church Street
        New York, NY  10007
        By:  Andre Leon Lindsay, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/12

**Sweet, D.J.**

Defendants the City of New York, Deputy Inspector Thomas Connolly ("Connolly"), Lieutenant Thomas McCormick ("McCormick") and Lieutenant Keith Singer ("Singer" and, with the City of New York, Connolly and McCormick, the "Defendants") have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint (the "Complaint") of plaintiff Nelson Fernandez ("Fernandez" or the "Plaintiff") alleging race discrimination, retaliation, hostile work environment, sexual harassment and abuse of authority in violation of 42 U.S.C. §§ 1981 and 1983, New York State Executive Law § 296 and New York City Administrative Code § 8-107. Based upon the conclusions set forth below, the motion is granted and judgment will be entered dismissing the Complaint.

## Prior Proceedings

On March 22, 2012, Plaintiff filed the Complaint asserting sixteen causes of action, including (1) race discrimination in violation of 42 U.S.C. § 1981, (2) retaliation in violation of 42 U.S.C. § 1981, (3) hostile work environment in violation of 42 U.S.C. § 1981, (4) sexual harassment in

1

violation of 42 U.S.C. § 1983, (5) race discrimination in
violation of 42 U.S.C. § 1983, (6) retaliation in violation of
42 U.S.C. § 1983, (7) hostile work environment in violation of
42 U.S.C. § 1983, (8) abuse of authority in violation of 42
U.S.C. § 1983, (9) sexual harassment in violation of New York
State Executive Law § 296, (10) race discrimination in violation
of New York State Executive Law § 296, (11) retaliation in
violation of New York State Executive Law § 296, (12) hostile
work environment in violation of New York State Executive Law §
296, (13) sexual harassment in violation of New York City
Administrative Code § 8-107, (14) race discrimination in
violation of New York City Administrative Code § 8-107, (15)
retaliation in violation of New York City Administrative Code §
8-107 and (16) hostile work environment in violation of New York
City Administrative Code § 8-107.  The Complaint seeks
compensatory and punitive damages, plus any and all available
statutory remedies, both legal and equitable, and interests and
costs.

On May 18, 2012, Defendants filed their motion to
dismiss.  The motion was heard and marked fully submitted on
June 13, 2012.

2

**The Complaint**

The Complaint alleges the following facts, which are
accepted as true at this stage of the litigation.  Plaintiff is
a Puerto-Rican male employee of the New York Police Department
("NYPD").  According to the Complaint, from the summer of 2010
through the spring of 2011, Connolly, a Caucasian male, on a
number of occasions inside Transit District No. 4 would look at
Plaintiff in a sexual manner, viewing Plaintiff from head to
toe.  Connolly would constantly stare at Plaintiff's crotch area
while smiling and moving his head up and down.  Plaintiff
alleges that Connolly engaged in this conduct a number of times
in front of McCormick and Singer, who are both Caucasian males.
Plaintiff further alleges that Connolly and Singer would make
sexually suggestive remarks to Plaintiff.  Although Plaintiff
complained to McCormick and Singer in the supervisor's locker
room about Connolly's conduct, McCormick and Singer failed to
report Connolly's conduct to the Office of Equal Employment
Opportunity.

According to the Complaint, Connolly would
intentionally observe roll call just to have contact with
Plaintiff, and that after he posted the platoon, Connolly would

3

order Plaintiff to his office.  Once there, Connolly would lean
back in his char, place a pen in his mouth, stare at Plaintiff's
penis and move the pen in a sexually suggestive manner.
Whenever Plaintiff told McCormick about Connolly's conduct,
McCormick would state, "As long as he keeps giving us overtime,
let him get his groove on," that Plaintiff should "[t]ake one
for the team" and "[y]ou know he [Connolly] likes Spanish and
Black guys not White guys."  Plaintiff also alleges that
whenever he and Connolly would ride the subway together,
Connolly would intentionally stand close to Plaintiff so as to
have contact with his body.

        On one occasion in Connolly's office, Connolly
allegedly informed Plaintiff, "Nelson, you really look good.
You [sic] hair is so shiny."  Plaintiff also alleges that on
April 4, 2011, McCormick texted Plaintiff with the message, "U
must go out drinking with the CO soon.  I heard he was checking
u out today."  Plaintiff texted back, "Always, and I'm walking
with him now."  In response, McCormick texted, "Oh shit, let me
know if he grabs your junk."

        The Complaint further alleges that on May 2, 2011,
Singer met with Plaintiff at the Delancy Street train station,

4

where, in the presence of two other officers, Singer told

Plaintiff, "I can't believe how the CO looks at you."  Other

officers have observed Plaintiff leaving Connolly's office upset

and shaking his head, Plaintiff looking uncomfortable while

walking with Connolly and Connolly looking at Plaintiff in an

inappropriate manner.  These officers also overheard numerous

jokes in the male locker room about how Connolly has the "hots"

for Plaintiff.  Plaintiff alleges that sometime in May 2011,

while Plaintiff was in Connolly's office, Connolly asked a

fellow officer, "Doesn't Sergeant Fernandez look good?"

According to the Complaint, on or about May 24, 2011,

Plaintiff reported Connolly's conduct to the Office of Equal

Employment Opportunity.  Plaintiff alleges that shortly

thereafter, McCormick and Singer filed false allegations against

Plaintiff to the Office of Equal Employment Opportunity and the

Internal Affairs Bureau.  Plaintiff further alleges that on or

about July 11, 2011, Connolly filed a lawsuit against Plaintiff

alleging defamation.

**The Applicable Standard**

5

On a motion to dismiss pursuant to Rule 12, all
factual allegations in the complaint are accepted as true, and
all inferences are drawn in favor of the pleader.  Mills v.
Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).  The
issue "is not whether a plaintiff will ultimately prevail but
whether the claimant is entitled to offer evidence to support
the claims."  Villager Pond, Inc. v. Town of Darien, 56 F.3d
375, 378 (2d Cir. 1995).

To survive a motion to dismiss pursuant to Rule
12(b)(6), "a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct.
1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly,
550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
Plaintiffs must allege sufficient facts to "nudge[ ] their
claims across the line from conceivable to plausible."  Twombly,
550 U.S. at 570.  Though the court must accept the factual
allegations of a complaint as true, it is "not bound to accept
as true a legal conclusion couched as a factual allegation."
Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**Defendants' Motion To Dismiss Is Granted**

6

As noted above, the Complaint alleges sixteen causes
of action brought under 42 U.S.C. § 1981, 42 U.S.C. § 1983, the
New York State Executive Law § 296 and the New York City
Administrative Code § 8-107.  Because the Complaint fails to
allege a valid cause of action under 42 U.S.C. §§ 1981 or 1983,
Plaintiff's federal claims are dismissed.  Pendent jurisdiction
over Plaintiff's remaining state law claims is declined, and the
Complaint is dismissed.

## A. Counts I & V: Plaintiff's Race Discrimination Claims Are Dismissed

In Count I of the Complaint, Plaintiff alleges race
discrimination in violation of 42 U.S.C. § 1981, and in Count V,
Plaintiff alleges race discrimination in violation of 42 U.S.C.
§ 1983.  Claims for racial discrimination brought under 42
U.S.C. §§ 1981 and 1983 are analyzed under the standard
promulgated in McDonnell Douglas Corp. v. Green, 411 U.S. 792,
93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  See DeNigris v. N.Y. City
Health & Hosps. Corp., No. 09 Civ. 6808(DAB), 2012 WL 955382, at
*7 (S.D.N.Y. Mar. 9, 2012).  Under McDonnell Douglas, a
plaintiff bears the initial burden of establishing a prima facie
case of discrimination, and must demonstrate (1) membership in a

protected class, (2) qualification for the position, (3) an adverse employment action and (4) circumstances giving rise to an inference of discrimination. Collins v. N.Y. City Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002); Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

According to Plaintiff's brief filed in opposition to this motion, the adverse employment action in this case involved Connolly, McCormick and Singer filing false allegations against Plaintiff with the Office of Equal Employment Opportunity and the Internal Affairs Bureau.  Plaintiff contends that the filing of such false allegations, which were placed in his central personnel index file, has created a direct impact on his ability to obtain other assignments within the police department.  The Complaint does not mention any specific assignments. Additionally, Plaintiff contends that, since the false allegations are open and unresolved, Plaintiff faces future repercussions that cannot be measured.  Plaintiff also states that Connolly caused further damage by filing a frivolous defamation suit against Plaintiff.

"A plaintiff sustains an adverse employment action if she endures a 'materially adverse change' in the terms and

8

conditions of employment." Malcolm v. Honeoye Falls Lima Cent.
Sch. Dist., No. 11-1894-cv, 2012 WL 1918427, at *1 (2d Cir.
2012) (quoting Galabya v. NYC Bd. of Educ., 202 F.3d 636, 640
(2d Cir. 2000)). "To be 'materially adverse,' a change in
working conditions 'might be indicated by a termination of
employment, . . . a material loss of benefits, . . . or other
indices . . . unique to a particular situation,' and must be
'more disruptive than a mere inconvenience or an alteration of
job responsibilities.'" Id. Here, the Complaint is devoid of
any allegations that Plaintiff suffered any materially adverse
consequences in his employment such as termination or a loss of
benefits. Plaintiff's assertion that he faces future
repercussions is speculative and is insufficient to support a
plausible claim. See Twombly, 550 U.S. at 555 (the facts set
forth in the complaint "must be enough to raise a right to
relief above the speculative level."). Because Plaintiff cannot
establish an adverse employment action, his racial
discrimination claims premised on §§ 1981 and 1983 are
dismissed.


**B. Counts II & VI: Plaintiff's Retaliation Claims Are
   Dismissed**

9

In Count II of the Complaint, Plaintiff alleges retaliation in violation of 42 U.S.C. § 1981, and in Count VI, Plaintiff alleges retaliation in violation of 42 U.S.C. § 1983. Claims of retaliation under these statutes are analyzed using the same McDonnell Douglas framework with the same standards of liability.  See Sumner v. U.S. Postal Serv., 899 F.2d 203, 208 (2d Cir. 1990) ("The order and allocation of burdens of proof in retaliation cases follow that of general disparate treatment analysis as set forth in McDonnell Douglas . . ."). As such, to state a retaliation claim, Plaintiff must allege that (1) he engaged in protected activity by opposing an employment practice made unlawful under the relevant statute, (2) Defendants were aware of Plaintiff's protected activity, (3) Defendants took an adverse employment action against Plaintiff and (4) there was a causal connection between the protected activity and the adverse employment action.  See Kemp v. Metro-North R.R., 316 Fed. Appx. 25, 26-27 (2d Cir. 2009).  "Though not required to plead the elements of a prima facie case, the complaint must still nudge plaintiff's claims across the line from conceivable to plausible to survive [a] motion to dismiss." Flores v. N.Y. City Human Res. Admin., No. 10 Civ. 2407(RJH), 2011 WL 3611340, at *7 (S.D.N.Y. Aug. 16, 2011).

10

As noted above, the Complaint does not plead sufficient facts establishing that Plaintiff suffered a material adverse employment action in this case.  Accordingly, the Complaint fails to state a claim for retaliation upon which relief can be granted.

## C. Counts III & VII: Plaintiff's Hostile Work Environment Claims Are Dismissed

Count III of the Complaint alleges a hostile work environment claim under 42 U.S.C. § 1981, and Count VII alleges a hostile work environment claim under 42 U.S.C. § 1983.  A hostile work environment claim is sufficiently plead where the complaint alleges that the plaintiff's workplace was "permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quotation marks omitted).  Whether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance and whether it unreasonably interferes with an employee's work

11

performance. Id. at 23. The "hostility" must be borne of
"animus toward [the plaintiff] as a result of [his] membership
in a protected class." Sullivan v. Newburgh Enlarged Sch. Dist.
Clarence Cooper, 281 F. Supp. 2d 689, 704 (S.D.N.Y. 2003).
Severity is a hallmark of a hostile work environment claims.
Such claims "are not intended to promote or enforce civility,
gentility or even decency." Ennis v. Sonitrol Mgmt. Corp., No.
02 Civ. 9070, 2006 WL 177173, at *9 (S.D.N.Y. Jan. 25, 2006).

Here, the Complaint fails to plead facts showing
Plaintiff was subjected to discriminatory intimidation, ridicule
or insult. The Complaint pleads only that Defendants laughed at
Plaintiff when he complained about Defendants' inappropriate
conduct. As such, the Complaint fails to allege conduct
sufficiently severe or pervasive to alter Plaintiff's conditions
of employment or create an abusive working environment.
Accordingly, Plaintiff's retaliation claims are dismissed.

### D. Count IV: Plaintiff's Sexual Harassment Claim Is Dismissed

Count IV of the Complaint alleges sexual harassment in
violation of 42 U.S.C. § 1983. "[S]exual harassment includes
'conduct [that] has the purpose or effect of unreasonably
interfering with an individual's work performance or creating an

intimidating, hostile, or offensive working environment.'"
Fitzgerald v. Henderson, 251 F.3d 345, 356 (2d Cir. 2001)
(quoting 29 C.F.R. § 1604.11(a)).  This case presents a sexual
harassment claim based on a hostile work environment theory.
See, e.g., Galdieri-Ambrosini v. Nat. Realty & Dev. Corp., 136
F.3d 276, 289 (2d Cir. 1998) ("One form of gender discrimination
prohibited by Title VII is sexual harassment that results in a
'hostile or abusive work environment.'").  "Section 1983 sexual
harassment claims that are based on a 'hostile environment'
theory . . . are governed by traditional Title VII 'hostile
environment' jurisprudence." Hayut v. State Univ. of N.Y., 352
F.3d 733, 744-45 (2d Cir. 2003) (citing Annis v. County of
Westchester, 136 F.3d 239, 245 (2d Cir. 1998); Jemmott v.
Coughlin, 85 F.3d 61, 67 (2d Cir. 1996)).  To assert a Title VII
(or Section 1983) claim for sexual harassment, "a plaintiff must
plead facts that would tend to show the complained of conduct:
(1) is objectively severe or pervasive-that is, creates an
environment that a reasonable person would have hostile or
abusive; (2) creates an environment that the plaintiff
subjectively perceives as hostile or abusive; and (3) creates
such an environment because of the plaintiff's sex." Krasner v.
HSH Nordbank AG, 680 F. Supp. 2d 502, 512-13 (S.D.N.Y. 2010)
(citing Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)).

13

Plaintiff contends that the Complaint, with its allegations of

Defendants' constant sexual references, jokes, innuendo and

gestures as well as Connolly's offensive touching, presents

sufficient facts to state a claim.


        In Argeropoulos v. Exide Technologies, the Eastern

District of New York evaluated an analogous sexual harassment

claim in the context of a motion to dismiss:

> Title VII does offer protection from sexual harassment, of
> course.  But Plaintiff woefully fails to plead such a
> claim.  Plaintiff and his two alleged harassers, Mileto and
> Abrams, are male.  Thus, Plaintiff must sufficiently plead
> same-sex harassment.  The Supreme Court has instructed
> that, on summary judgment, a plaintiff who alleges same-sex
> harassment must come forth with evidence demonstrating
> that: (1) the harasser was homosexual; (2) the harasser was
> "motivated by general hostility to the presence of [men] in
> the workplace; or (3) the harasser "treated members of both
> sexes [differently] in a mixed-sex workplace."  Oncale v.
> Sundowner Offshore Services, Inc., 523 U.S. 75, 80-81, 118
> S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998).  Because he is at
> the motion to dismiss stage, Plaintiff obviously has no
> evidentiary burden to establish any of these methods.  But
> Plaintiff must still allege enough facts to plausibly plead
> his harasser's homosexuality or "gender-based animus."
> Simonton v. Runyon, 232 F.3d 33, 37 (2d Cir. 2000); Borski
> v. Staten Island Rapid Transit, No. 04 Civ. 3614, 2006 WL
> 3681142, at *2-4 (E.D.N.Y. Dec. 11, 2006) (treating the
> evidentiary burden required on summary judgment for same-
> sex harassment as a pleading burden necessary to survive a
> motion to dismiss).

Argeropoulos v. Exide Techs., No. 08-CV-3760(JS), 2009 WL

2132443, at *4 (E.D.N.Y. July 8, 2009).  Although Argeropoulos

addressed sexual harassment in a Title VII context, the above-cited precedent requires that Section 1983 and Title VII sexual harassment claims be addressed in the same way.  Plaintiff's Complaint fails to allege either the individual Defendants' homosexuality or their gender-based animus.  Accordingly, Plaintiff's sexual harassment claim is dismissed.

### E. Count VIII: Plaintiff's Abuse of Authority Claim Is Dismissed

Count VIII of the Complaint alleges abuse of authority in violation of 42 U.S.C. § 1983.  Section 1983 imposes civil liability upon a party who "under color [of law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ."  42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.  Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992) ("Section 1983 addresses only those injuries caused by state actors or those acting under color of state law.").  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been

15

violated must first establish that the challenged conduct constitutes 'state action.'" United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

Plaintiff's Complaint offers nothing more than conclusory allegations in support of his abuse of authority claim.  See Compl. ¶ 107 ("Plaintiff alleges that defendants . . . under color of law, personally interfered with and deprived him of his constitutional rights, including the rights to petition his government for redress of his grievances and to be free from deprivation of life, liberty, and property without due process of law.").  Without more specific allegations concerning how Defendants' deprived Plaintiff of his constitutional rights, the Complaint fails to detail facts sufficient to support an abuse of authority claim.  Additionally, the claim fails with respect to the Defendant City of New York, as the Complaint fails to offer any facts tending to show that any alleged conduct was taken pursuant to a policy or practice.  See Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 690-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  "[T]he mere assertion that a municipality has such a custom or policy is insufficient in the

16

absence of allegations of fact tending to support, at least

circumstantially, such an inference." <u>Zherka v. City of N.Y.</u>,

459 Fed. Appx. 10, 12 (2d Cir. 2012) (citing <u>Zahra v. Town of</u>

<u>Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995)).  Accordingly,

Plaintiff's abuse of authority claim is dismissed.

### F. Counts IX, X, XI, XII, XIII, XIV, XV & XVI: Pendent Jurisdiction Over Plaintiff's State Law Claims Is Declined

"[A] district court 'may decline to exercise

supplemental jurisdiction' if it 'has dismissed all claims over

which it has original jurisdiction.'"  <u>Kolari v. N.Y.-</u>

<u>Presbyterian Hosp.</u>, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28

U.S.C. § 1367(c)(3)).  "[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of

factors to be considered under the pendent jurisdiction doctrine

- judicial economy, convenience, fairness, and comity - will

point toward declining to exercise jurisdiction over the

remaining state-law claims."  <u>Carnegie-Mellon Univ. v. Cohill</u>,

484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988);

<u>Klein & Co. Futures, Inc. v. Bd. of Trade</u>, 464 F.3d 255, 262 (2d

Cir. 2006) ("[W]here, as here, the federal claims are eliminated

in the early stages of litigation, courts should generally

decline to exercise pendent jurisdiction over remaining state

17

law claims."). Because Plaintiff's federal claims have been dismissed, pendent jurisdiction over Plaintiff's state law causes of action will not be exercised, and these claims are dismissed.

**Conclusion**

Based on the conclusions set forth above, the Complaint is dismissed. Leave to replead within twenty days is granted.

It is so ordered.

New York, NY
June ) 2/, 2012

ROBERT W. SWEET
U.S.D.J.

18